IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAULA R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-581-SMD |
| | ) | |
| FRANK BISIGNANO,[1] | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION & ORDER</u>**

Plaintiff Paula R. ("Plaintiff") filed for a period of disability and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Title II") on September 26, 2022, alleging disability beginning March 24, 2017. Tr. 10. Plaintiff later amended her alleged onset date to January 1, 2020. *Id.* Plaintiff's application was denied at the initial administrative level, as well as on reconsideration. Tr. 10. She then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found that Plaintiff was not disabled. Tr. 10-24. The ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") after the Appeals Council declined review. Tr. 1; *see Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff appeals the ALJ's decision under 42 U.S.C. § 405(g). For the following reasons, the undersigned REVERSES and REMANDS the Commissioner's decision for further

---

[1] Frank Bisigano, the Commissioner of the Social Security Administration, is substituted for Leland Dudek as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

proceedings.[2]

I.  **STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 6); Def.'s Consent (Doc. 7).

[3] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court

---

[4] Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

may reverse the Commissioner's final decision when it is not supported by substantial evidence or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991). Further, reviewing courts are required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-nine years old on her amended alleged onset date. Tr. 22. She has at least a high school education and past relevant work experience as a pharmacy tech and retail manager. *Id.* Plaintiff alleges disability due to migraines, fibromyalgia, lupus, arthritis, back pain, neuropathy, seizures, asthma, depression, and anxiety. Tr. 76.

In the administrative proceedings before the Commissioner, the ALJ made the following findings with respect to the five-step evaluation process. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date.

Tr. 12. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: migraine, epilepsy, fibromyalgia, obesity, anxiety, and depression. *Id.* At step three, the ALJ found that, through her date last insured, Plaintiff has not had an impairment or combination of impairments that medically equals the severity of the listed impairments. Tr. 14-18.

The ALJ proceeded to determine Plaintiff's RFC and found that she can perform light work with additional exertional and nonexertional limitations, including a limitation to "jobs with no more than simple, short instructions and simple work-related decisions with few work-place changes." Tr. 18. At step four, the ALJ found that Plaintiff cannot perform any past relevant work. Tr. 22. At step five, the ALJ utilized the testimony of a VE and determined that considering Plaintiff's "age, education, work experience, and residual functional capacity," she could perform work as a "small-parts assembler," as a "marker," and as a "routing clerk." Tr. 23. All three jobs exist in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time since her alleged onset date. *Id.*

## IV.   ANALYSIS

Plaintiff argues, among other things, that the ALJ failed to resolve a conflict between the VE's testimony and the occupational information contained within the Dictionary of Occupational Titles ("DOT") regarding the jobs she could perform. Pl.'s Br. (Doc. 18) pp. 7-10. Because this issue warrants remand, the Court will not address Plaintiff's other arguments.

At step five, the ALJ is obligated to identify and resolve any apparent inconsistencies between the DOT data and the VE's testimony pertaining to jobs a claimant can perform. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018); SSR 00-4p, 2000 WL 1898704. The VE's assertion that her testimony comports with the contents of the DOT is insufficient to carry this burden. *Washington*, 906 F.3d at 1362. An inconsistency is apparent if "a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. "Put another way, if a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion." *Id.* at 1366.[6] An ALJ's failure to fulfill this obligation means her decision is not supported by substantial evidence. *Id.* at 1362.

Plaintiff argues that there is an apparent inconsistency between the VE's testimony that she can perform the identified jobs and the DOT's reasoning requirement for those jobs. Plaintiff points out that all the jobs identified by the VE and adopted by the ALJ require Plaintiff to understand "detailed" instructions, while her RFC limits her to "simple, short instructions and simple work-related decisions." Pl.'s Br. (Doc. 21) pp. 8-9; Tr. 18. The Court agrees.

At the hearing, the ALJ posed two hypotheticals to the VE, both of which limited Plaintiff to jobs with "simple, short instructions." Tr. 543-545. In response to the

---

[6] As the *Washington* court noted, when there is a conflict between the VE and the DOT, it "doesn't mean that the VE was wrong, but it does mean that there is a conflict" that the ALJ must resolve. *Washington*, 906 F.3d at 1366.

hypothetical ultimately adopted by the ALJ, the VE testified that Plaintiff could work as a small parts assembler, marker, and routing clerk. Tr. 544. According to the DOT, all three of these jobs require a reasoning level of two. DOT 706.684-022, 1991 WL 679050; DOT 209.587-034, 1991 WL 671802; DOT 222.687-022, 1991 WL 672133. At reasoning level two, a worker must:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

DOT App'x C., 1991 WL 688702. As noted above, an inconsistency is apparent if it appears to conflict with the DOT, at which point the ALJ is obligated to provide a reasonable explanation for the inconsistency. *Washington*, 906 F.3d at 1363; SSR 00-4p, 2000 WL 1898704. Here, Plaintiff's RFC limits her to receiving "simple, short instructions" while the DOT description for the identified jobs requires the ability to understand "detailed" instructions.

The difference between the VE's testimony and the DOT constitutes an apparent conflict. The Eleventh Circuit has held that a limitation to "short, simple instructions" equates to a reasoning level of one. *Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 708-09 (11th Cir. 2020); *see also Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) (finding that the primary difference between reasoning levels one and two is the length of instructions and not the complexity). And this district has recognized that a limitation to short, simple instructions restricts a claimant to a reasoning level of one. *Amber H. v. Dudek*, 2025 WL 777710, at *4 (M.D. Ala. Mar. 11, 2025). Here,

all of the jobs cited by the VE required a reasoning level of two. Tr. 23. As such, there was an apparent conflict between the VE's testimony that Plaintiff can perform the identified jobs despite her RFC and the DOT description for those jobs.

The ALJ did not address this conflict in his opinion. Instead, at step five the ALJ adopted the VE's testimony without acknowledging or commenting on the apparent conflict. Tr. 23. By failing to acknowledge the apparent conflict, the ALJ fell short of his duties. *Frazier v. Kijakazi*, 2022 WL 950649, at *4 (M.D. Fla. Mar. 30, 2022) (reversing and remanding the Commissioner when the ALJ failed to acknowledge or resolve a conflict between the DOT and the VE's testimony). As such, the Court cannot meaningfully review the ALJ's decision without further explanation, and the Commissioner's decision is not supported by substantial evidence. *Albra*, 825 F. App'x at 708-709 (remanding for further explanation when the ALJ did not resolve a conflict between the VE's testimony and the reasoning levels in the DOT); *Estrada v. Barnhart*, 417 F. Supp. 2d 1299, 1303 (11th Cir. 2006) (remanding when there is an apparent conflict between the VE's testimony and the DOT reasoning level); *Washington*, 906 F.3d at 1366 (remanding due to an undeveloped record when the ALJ did not acknowledge or resolve an apparent conflict). Accordingly, the case must be remanded.

V.   **CONCLUSION**

As explained above, the undersigned finds reversible error in the Commissioner's decision. Therefore, the decision is REVERSED and REMANDED for further proceedings consistent with this opinion. A separate judgment will issue.

DONE this 23rd day of May, 2025.

                                                            Stephen M. Doyle
                                                            CHIEF U.S. MAGISTRATE JUDGE